UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCOTT PHILLIPS, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>COSTA, INC., et al.,<br>    Defendants. | No.: 13-cv-747-M-LDA |
| MARVIN GORDON, on behalf of himself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>COSTA, INC., et al.,<br>    Defendants. | No.: 13-cv-786-M-LDA |

## ORDER

Before the Court is Plaintiffs' Motion for a Temporary Restraining Order, Expedited Discovery, and Briefing Schedule for Preliminary Injunction. (ECF No. 2 in 13-cv-786-M-LDA.) In response, the Defendants filed a combined Motion to Dismiss and Objection to the Plaintiffs' Motion. (ECF No. 13 in 13-cv-786-M-LDA.) The Plaintiffs responded to the motion and replied to the Defendants' objection. (ECF No. 17 in 13-cv-786-M-LDA.) The Defendants filed a Motion for Leave to File a Sur-Reply (ECF No. 19 in 13-cv-786-M-LDA and ECF No. 23 in 13-cv-747-M-LDA), which is hereby GRANTED and the sur-reply attached to the motion is deemed filed.

In light of the short amount of time available for decision, because the shareholders' meeting is scheduled for January 30, 2014, the Court will deal with each of the motions and issues raised summarily after having carefully considered the extensive briefing.

1. The Motion for a Temporary Restraining Order (ECF No. 2 in 13-cv-786-M-LDA) is DENIED. Based on the record before the Court at this time, the Plaintiffs have failed to establish that they would suffer irreparable harm under either section 14(a) of the federal Exchange Act or under Rhode Island state law.[1]

2. The Motion for Expedited Discovery (ECF No. 2 in 13-cv-786-M-LDA) is also DENIED. The Plaintiffs have not shown sufficient cause to justify expedited discovery in this case at this time.

3. Finally, the Defendants' Motion to Dismiss or Stay this action (ECF No. 13 in 13-cv-786-M-LDA) is DENIED. The Plaintiffs have sufficiently pleaded jurisdiction based on both diversity and federal question. The assertion of an independent federal question by the Plaintiffs, and the ability of the federal and state court to efficiently coordinate the litigation, counsels against a dismissal or stay under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). As to the 12(b)(6) grounds asserted by Defendants for dismissal, the Court denies that portion of the motion without prejudice. After the shareholders meeting and vote, the Defendants may file a separate motion to dismiss based on Fed. R. Civ. P. 12(b)(6) and the Plaintiffs will be allowed an full opportunity to independently brief those issues outside of the time restrains imposed by a scheduled shareholders' meeting.

---

[1] The Court notes that in similar actions pending in R.I. Superior Court, similarly situated plaintiffs sought expedited discovery and a restraining order against the same defendants. (*Cross Ledge Investments, LLC. v. Costa et al*, R.I. Superior Court C.A. No. PB 13-5770.) After the state court granted them limited expedited discovery and after they reviewed the discovery produced, the state plaintiffs withdrew their request for injunctive relief.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

January 22, 2013